Honorable Bud Canada State Senator 106 Meyer Bldg. Hot Springs, AR 71901
RE: Opinion No. 86-5
February, 1986
Dear Senator Canada:
This is to clarify this Office's January 8, 1986 Opinion which was in response to the following question:
 Does Act 6 of 1985 permit moneys in Firemen's and Policemen's Pension and Relief Funds to be invested in stocks and bonds?
The Opinion responded "no" but concluded:
 The only significant change made by Act 6 of 1985 if to provide Policemen's and Firemen's Pension and Relief Funds, having assets in excess of $500,000.00, the additional options of employing professional investment counsel, and investing in certain no-load mutual funds.
The investment options available to professional investment counsel are not limited to "no-load mutual funds" but include "stocks and bonds" provided the investment activity complies with "the terms, conditions, limitations and restrictions imposed by law upon state public employee retirement plans." [subsection 6.10(f)]. The original Opinion may have left the mistaken impression subsection 6.20(g), which specifically authorizes investment in "no-load mutual funds", is the only subsection which authorizes additional investment options, Ark. Stat. Ann. 12-3806.20 as amended by Act 6 of 1985 provides:
 6.20 [6.10.] The board shall be trustees of the funds of the system subject to the other provisions of this section. The funds of the system shall be invested and reinvested in accordance with the procedure set forth below. In addition, the funds of local fire and police pension and relief funds, as created by act 491 of 1921 as amended, and Act 250 of 1937 as amended, respectively, with assets in excess of $500,000.00, may also be invested in accordance with the following procedure: (a) From time to time the investment advisor shall formulate the policy to be followed in future investment activity, and he shall promptly furnish such policy to the board in writing each time he changes such policy. (b) The investment advisor shall have full power to hold, purchase, sell, assign, transfer or dispose of any of the moneys or investments of the system pursuant to the provisions of this section and in accordance with the current investment policy filed with the board. (c) At least semi-annually the investment advisor shall file with the board a written report setting forth, for the period of since its last report, all investments purchased and sold, all receipts and disbursements, and any other transactions concerning system moneys. (d) At each regular meeting the board shall examine each written report received from the investment advisor since the last regular meeting. (e) Anything herein to the contrary notwithstanding, from time to time the board may direct a specific investment activity and shall be fully responsible for any such direction. (f) Anything herein to the contrary notwithstanding, investment activity shall be subject to the terms, conditions, limitations, and restrictions imposed by law upon state public employee retirement plans in the making and disposing of their investments. (g) Anything herein to the contrary notwithstanding, until the assets of the system amount to at least five million dollars, the funds of the system not in the checking account may be invested in shares of no-load mutual funds, each of which shall be an open-end diversified investment company registered under the Federal Investment Company Act of 1940, as amended; the management company of the investment company shall have been in operation for at least ten years and shall have assets under management of more than one-hundred million dollars; and there is no sales charge for purchasing shares f such fund, and no redemption charge for selling such shares.
6.20 as amended by Act 6 is identical to the original Act (364 of 1981) with the following additions:
(1) Subsection (g) [by Act 599 of 1983];
 (2) The last sentence of the first paragraph, emphasized above, [by Act 6 of 1985].
Subsections (a) through (f) are silent as to authorizing any specific type investment, but do grant an investment counselor great latitude to "hold, purchase, sell, assign, transfer or dispose of any of the moneys or investments of the system." (Subsection (b)). The "Board" has specific authority to "decide all questions of doubt raised by any provisions" of Act 364 of 1981. See 7.05(c). Since 6.20 subsections (a) through (f) have, since 1981, been interpreted by the "Board" to allow investment of the "system" moneys in "stocks and bonds" it is presumed the General Assembly, by adopting Act 6 of 1985, intended to extend the same options "to the Fire and Police Pension and Relief Funds". Subsection (f) imposes the same investment restrictions on these funds that apply to "public employment retirement plans", which are allowed to invest in stocks and bonds under the "prudent investor rule". See Ark. Stat. Ann. 12-3307.11. To interpret Act 6 of 1985 to limit these "relief funds" options in diversifying their investment activity to "no-load mutual funds" would render subsections (a) through (f) without any effect.
The title of this Act, which supports this interpretation, is to be considered in determining legislative intent. (Sutherland Statutory Construction 47.03). Glover v. Henry, 231 Ark. 111,328 S.W.2d 382 (1959); Henderson v. Russell, 267 Ark. 140,589 S.W.2d 565 (1979). This is especially true where, as here, the body of the Act does not expressly identify its purpose. The title of Act 6 indicates its purpose is to allow such funds to diversify their investments as follows:
 . . . TO ALLOW FIRE AND POLICE PENSION AND RELIEF FUNDS WITH $500,000.00 OR MORE IN ASSETS TO DIVERSIFY THEIR INVESTMENT PROGRAMS.
Other parts of the Act indicate these "funds" should be subject to the same investment limitations as those imposed on the "system" under prior law. Act 6 also amended both the Policemen's Pension and Relief Fund Act (Ark. Stat. Ann. 19-1805) and the Firemen's Pension and Relief Fund Act (Ark. Stat. Ann. 19-2223) by adding the following paragraph to each:
 Provided, that in those pension and relief funds in which assets exceed $500,000.00, the board of trustees may employ professional investment counsel to invest the assets subject to the terms, conditions, limitations, and restrictions imposed by law upon the Arkansas Local Police and Fire Retirement System, as provided by Subsection 6.20 of Section 6 of Act 364 of 1981, as amended, and shall not be limited to interest-bearing bonds.
Therefore, in reading this Act, as a whole, reviewing its legislative history, and giving deference to its stated purpose, as the rules of Statutory Construction require, it must be interpreted to allow investment of Policemen's and Firemen's Pension and Relief Funds in "stocks and bonds".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David S. Mitchell.
Sincerely,
Steve Clark Attorney General
SC/DSM/ljm